

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

February 19, 1968

Honorable C. H. Cavness
State Auditor
Sam Houston State Office
  Building
Austin, Texas

Opinion No. M- 203

Re: Whether authority exists to
permit those current local
funds of higher educational
institutions in the State
Treasury (as specified in
Article 2543c, V.A.C.S.)
which are reasonably es-
timated not to be needed
in any given period of
time, to be placed on a
time deposit basis, and
related questions.

Dear Mr. Cavness:

In reference to your recent request for our opinion, you
ask the following questions of this office:

"1. Does sufficient authority now exist to
permit the current local funds of higher educa-
tional institutions in the State Treasury specified
in Article 2543c, Vernon's Texas Civil Statutes,
which are reasonably estimated not to be needed
in any given period of time, to be placed on a
time deposit basis?

"2. If sufficient authority does exist:

"a. Does the duty for putting these
State funds to work and for ne-
gotiating with the depositories
on such matters as the rate of
return lie with the State Depos-
itory Board or with the governing
boards of the colleges and univer-
sities involved?

"b. Does the responsibility for deter-
mining the amount of such funds

- 974 -

> available for placement on a time
> deposit basis lie with the State
> Depository Board or with the govern-
> ing boards of the institutions?"

Acts 1951, 52nd Legislature, R.S., chapter 474, codified as Article 2543c, Vernon's Civil Statutes, specifically repealed in Section 5 thereof, Article 2654d, Vernon's Civil Statutes. The pertinent provisions of Article 2543c, are set out as follows:

> "Section 1. The Governing Boards of the State institutions of higher education of this State are directed to designate special depository banks, sub-ject to the approval of the State Treasurer, for the purpose of receiving and keeping certain receipts of the institutions of higher education of this State separate and apart from funds now deposited in the Treasury. The receipts here referred to are des-cribed in Section 3 of this Act. . . .

> "Sec. 2. Nothing in this Act shall invalidate, repeal, or in anywise affect the provisions of Title 47, as amended, of the Revised Civil Statutes of 1925, usually referred to as the State Depository Law; providing, however, the limitation of deposits contained in Article 2532 of Vernon's Texas Civil Statutes shall not apply insofar as the specific funds enumerated in this Act are concerned. (Emphasis added.)

> "Sec. 3. The Governing Boards of the State in-stitutions of higher learning shall deposit in the State Treasury all cash receipts accruing to any college or university under its control that may be derived from all sources except auxiliary enter-prises, noninstructional services, agency and restricted funds, endowment funds, student loan funds, and Constitutional College Building Amend-ment funds. . . . (Emphasis added.)

It is noted that Section 2 of Article 2543c, Vernon's Civil Statutes, expressly retained and implemented the provisions of the State depository law, with one exception. Consequently, the provisions of Article 2525, Vernon's Civil Statutes, et seq., are applicable to the handling of funds under Article 2543c.

Article 2525 reads, in part, as follows:

"The State Treasurer, as secretary, together with one (1) citizen of the state, appointed by the Governor . . .and the Banking Commissioner, shall constitute the State Depository Board. Said Board shall have the right and the power to make and enforce such rules and regulations governing the establishment and conduct of State Depositories and the handling of funds therein as the public interest may require, not inconsistent with the provisions of the laws governing such depositories, which rules and regulations shall be in writing and entered upon the minutes of the Board. Said Board shall have the power to determine and designate the amount of state funds deposited by them in State Depositories that shall be 'demand deposits' and what amount shall be 'time deposits', and may contract with said depositories in regard to the payment of interest on 'time or demand deposits' . . ." (Emphasis added.)

The list of receipts which may be controlled by Governing Boards of Institutions of Higher Learning are found in Article 2654d, Vernon's Civil Statutes, which reads, in part, as follows:

"Section 1. The governing boards of . . ., may retain control respectively of the following sums of money collected at each of said several institutions in carrying out the functions of an educational institution, such as funds collected from student fees of all kinds; charges for use of rooms and dormitories; receipts from meals, cafes and cafeterias; fees on deposit refundable to students under certain conditions; receipts from school athletic activities; income from student publications or other student activities; receipts from sale of publication products and miscellaneous supplies and equipment; students' voluntary deposits of money with said schools for safe keeping; all other fees and local institutional income of a strictly local nature arising out of and by virtue of the educational activities, or research or demonstration carried on by each and all of said several schools." (Emphasis added.)

For purposes of discussion of this question, it is assumed that the excluded funds set out in Article 2543c, Section 3, Vernon's Civil Statutes, includes the list of funds in control of the Governing Boards of Institutions in Article 2654d,

Section 1, Vernon's Civil Statutes, which are required to be deposited in the depository bank or banks at an agreed rate of interest, as provided in Section 2 of such Article. Under such assumption, no conflict is found between the two provisions. If a conflict were to be found, then Article 2543c would control because of the express repealer contained in Section 5 thereof.

From a plain reading of the statutes, therefore, it is apparent that sufficient authority now exists to permit the funds specified in Article 2543c to be placed on a time deposit basis.

In answer to your question No. 2, (a) and (b), Article 2543c expressly provides that the State Depository Law is applicable under Section 2 thereof. Therefore, pursuant to Article 2525, the State Depository Board would have the duty of determining both the amount of such funds available for placement on a time deposit basis and for negotiating a contract for the rate of return for such funds, whether on demand or time deposit, with the local depository banks.

The chronological passage of these laws, the State Depository Law in 1931, Article 2654d in 1941, and Article 2543c in 1951, with the progressive requirements for placing state money on earnings, indicates the continuing concern of the Legislature by specific designation of duties and methods.

Only those receipts specifically mentioned in Section 1 of Article 2654d are under the control of the Governing Boards of Institutions for these purposes, and such boards are specifically directed by the provisions thereof to deposit such funds in the depository bank or banks at an agreed rate of interest as provided in Section 2 of said Article.

## S U M M A R Y

Sufficient authority now exists to permit the current local funds of higher educational institutions in the State Treasury, as specified in Article 2543c, V.C.S., to be placed on a time deposit basis with local depository banks. The State Depository Board under provisions of Article 2525, V.C.S., has the duty of negotiating the contract for the rate of return (interest) with the local depository banks and also has the responsibility for determining the amount of such funds available for placement on "demand deposits" and on "time deposits."

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Pat Cain
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman

W. V. Geppert
Scott Garrison
Bill Allen
Bill Craig

A. J. CARUBBI, JR.
Executive Assistant